UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01774 DMG (AS) | Date | March 31, 2015 |
|---|---|---|---|
| Title | *David Alvarado v. People of the State of California* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):** **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On March 11, 2015, Petitioner David Alvarado ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"), ostensibly pursuant to 28 U.S.C. § 2254, but on a state-court habeas petition form.[1] Petitioner is challenging his $2,200 restitution fine imposed pursuant to a 2004 attempted murder conviction. (Pet. 2.) However, the Court lacks jurisdiction over the Petition.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court does not have jurisdiction if "it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Here, Petitioner's sole claim for relief is that the trial court failed to consider his ability to pay when restitution was imposed. (Pet. 3.) However, the Ninth Circuit has held that because challenges to restitution fines do not allege that a person is wrongfully in custody, such challenges fail to confer habeas jurisdiction. See Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."). Thus, Petitioner's claim does not appear to confer habeas jurisdiction upon this Court.

---

[1] Petitioner names the State of California as the respondent on the face of his petition. A petitioner must name the state officer who has custody of him or her as the respondent in a federal habeas petition. Rule 2(a), Rules Governing Section 2254 Proceedings; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). This person typically is the warden of the facility in which the petitioner is incarcerated. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01774 DMG (AS) | Date | March 31, 2015 |
|---|---|---|---|
| Title | *David Alvarado v. People of the State of California* | | |

     Petitioner is therefore **ORDERED TO SHOW CAUSE**, no later than **April 14, 2015**, why this action should not be dismissed for lack of jurisdiction. Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.